IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOZAY ROYAL, | : |
|     Petitioner, | : |
| | :   CIVIL NO. 09-3098 |
| v. | : |
| | :   (Criminal No. 08-0001) |
| UNITED STATES OF AMERICA, | : |
|     Respondent. | : |

Norma L. Shapiro, S.J.                                              October 29, 2009

## MEMORANDUM

This matter comes before the Court on the pro se motion of Hozay Royal to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Royal contends the court erred in denying him a four level sentence reduction based on state charges that were eventually withdrawn. Because the Court of Appeals addressed Royal's arguments on direct appeal, the court will deny the Section 2255 motion and decline to issue a certificate of appealability.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On January 3, 2009, Hozay Royal was charged by indictment with escape in violation of 18 U.S.C. § 751(a). Royal entered an open guilty plea to the charge. In its Presentence Report (PSR), the Probation Office determined that the base offense level for the escape charge was 13. U.S.S.G. § 2P1.1. The PSR applied a two level reduction for acceptance of responsibility. The PSR denied Royal a four level reduction applicable where the defendant escapes from a community corrections center, because he committed a state offense punishable by a term of imprisonment of at least one year while in escape status. U.S.S.G. § 2P1.1(b)(3).

Royal objected to the Probation Office's determination that he had committed a disqualifying offense and was ineligible for the four level reduction. The court permitted

the Government to present evidence that Royal had committed the disqualifying offense. At the sentencing hearing on April 16, 2008, the Government presented the testimony of Craig Moritz, the salesman who interacted with Royal in connection with the charged fraudulent activity. Moritz stated that, in early November 2007, Royal came into the Quakertown, Pennsylvania Fasenol store and introduced himself as "Derrick Mayes, Jr." Royal told Mortiz that his father, "Derrick Mayes, Sr.," had been awarded a grant to rehabilitate houses and needed to purchase some tools and equipment. Royal inquired about the price and availability of two radio sets, and told Moritz that his father would call in with a credit card number to pay for the sets and that he, Royal, would come in to pick up the items afterward. Mortiz testified that someone identifying himself as "Derrick Mayes, Sr." called a few days later and provided a credit card number, and the sale was completed over the phone.

Moritz reported that Royal came to the store, signed the credit card slip "D. Mayes," and took possession of the items. Moritz testified to at least three other purchases by Royal conducted in the same manner. Moritz testified that, near the end of November, he received a call from the company's main office reporting instances of credit card fraud by a Derrick Mayes. Recognizing the name, Mortiz notified the state police, and reported that Royal was expected in the store to pick up a saw. When Royal returned to the store, the state police were called and they arrested him on the spot.

The Government also presented the testimony of Pennsylvania State Trooper Brian Finn, who arrested Royal. Trooper Finn testified that he learned from his commanding officer that the Quakertown Fasenol store reported an instance of suspected credit card fraud, and that the individual suspected of perpetrating the fraud was expected back at the store before 5:00 P.M. that day. Trooper Finn testified that he was assigned to a stationary patrol at the store, and that he spoke with several store employees, including Moritz. Trooper Finn learned from the store employees that they had received a call from a Simon

McGrath, who indicated that his credit card had been used for purchases from the store without his knowledge or consent. Shortly after 5:00 P.M., Trooper Finn was notified by store employees that the suspected individual was inside the store attempting to pick up a saw. Trooper Finn identified Royal as the individual he arrested in the store, and testified that at the time of arrest Royal identified himself as Robert Johnson. Royal was taken to the state police barracks, where fingerprint scans identified him as Hozay Royal and indicated that he was wanted on federal escape charges.

Trooper Finn testified that he was present while Royal was questioned by another member of the state police; during questioning, Royal stated he received the credit card numbers from a woman named Wendy and that he had been to Fasenol previously, approximately three or four times. Trooper Finn also reported that caller ID records associated with the fraud from the Fasenol store matched the phone number of a cell phone possessed by Royal at the time of arrest. Royal was charged with, *inter alia*, felony counts of conspiracy and identity theft, and two counts of first degree misdemeanor access device fraud.

Based on the testimony of the Government's witnesses and oral argument by the parties, the court decided that the Government established by a preponderance of the evidence that Royal committed a state offense punishable by a term of imprisonment of one year or more while on escape status. The court denied Royal the four level reduction. Royal was sentenced to 24 months imprisonment with three years supervised release. Royal appealed his conviction and sentence to the Court of Appeals, who affirmed both. *See United States v. Royal*, 322 Fed. App'x. 226 (3d Cir. 2009).

## II.   JURISDICTION, TIMELINESS, AND STANDARD OF REVIEW

The court has jurisdiction under 28 U.S.C. §§ 2255 and 2241. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on the filing of a Section 2255 motion. 28 U.S.C. § 2255. The period begins to run from the latest of:

>    (1) the date on which the judgment of conviction becomes final;
>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Royal's conviction became final after the Court of Appeals affirmed his conviction and sentence. Royal's motion was timely filed less than one year later.

Section 2255 allows a federal prisoner in custody to move the court that imposed his sentence to vacate, set aside, or correct the sentence upon the ground that: (1) the sentence was in violation of the Constitution; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeded the amount allowable by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255.

The court must consider the motion together with all the files, records, transcripts and correspondence relating to the judgment under attack. *See* 28 U.S.C. § 2255. A district court considering a Section 2255 motion "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (quoting *Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)). The final disposition of a Section 2255 motion lies with the discretion of the trial judge, *see Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985), and a district court may summarily dismiss a Section 2255 motion where the motion, files, and records "show conclusively that the movant is not entitled to relief." *United States v. Mason*, No. 07-5101, 2008 U.S. Dist. LEXIS 27760, 2008 WL 938784, at *1 (E.D. Pa. 2008) (citing *Forte*, 865 F.2d at 62).

4

## III. DISCUSSION

Royal argues that the court relied on inaccurate information in the computation of his Sentencing Guideline range. The court calculated Royal's total offense level as 11, and his criminal history category as VI, which yielded an advisory Guideline range of 27 to 33 months. Royal's sentence was set at 24 months after a credit for three months time served. Royal contends the district court abused its discretion in finding that he committed an offense punishable by a term of imprisonment of one year or more and was ineligible for a four level reduction. He argues that because the Commonwealth subsequently withdrew the charges against him, he is entitled to the reduction.

Under the Sentencing Guidelines, a four level offense level reduction generally applies "[i]f the defendant escaped from the non-secure custody of a community corrections center, community treatment center, 'halfway house,' or similar facility." U.S.S.G. § 2P1.1(b)(3). The court did not apply the four-level reduction because the Guidelines provide that it is unavailable "if the defendant, while away from the facility, committed any federal, state, or local offense punishable by a term of imprisonment of one year or more," U.S.S.G. § 2P1.1(b)(3), and the state charges pending against Royal were punishable by more than one year, *see, e.g.,* 18 Pa. C.S. § 4106(a)(1).

Royal previously litigated this claim and it was rejected by the Court of Appeals on direct appeal. It is well settled that a petitioner generally may not relitigate issues that were decided adversely to him on direct appeal by means of a Section 2255 petition. *United States v. DeRewal*, 10 F.3d 100, 105 n. 4 (3d Cir. 1993); *see also Sonneberg v. United States*, No. 01-2067, 2003 U.S. App. LEXIS 6503 (3d Cir. Apr. 4, 2003). None of the four exceptions to the general rule exist in this case.[1]

---

[1] The Court of Appeals has recognized four exceptions to the general rule: (1) newly discovered evidence that could not reasonably have been presented at the original trial; (2) a change in applicable law; (3) incompetent prior representation by counsel; or (4) other circumstances indicating that an accused did not receive full and fair consideration of

In his Statement of the Case on appeal, Royal noted that "the trial court in Bucks County dismissed all counts charged on August 4, 2008, including the Access Device Fraud under 18 Pa. C.S. § 4106(a)(1)(ii), the offense the district court found that Appellant committed while in escape status." *United States v. Royal*, No. 08-2217, Royal's First Step Brief at 7 (3d Cir., filed August 19, 2008). He argued: (1) the Government did not prove by a preponderance of the evidence that Royal *used* an access device so as to come within the meaning of 18 Pa. C.S. § 4106(a); and (2) the dismissal of the state charges after sentencing constituted new evidence that he was entitled to the sentence reduction. Royal's Motion for a Mandate Remand, No. 08-2217 (filed November 17, 2008). After considering Royal's arguments, the Court of Appeals affirmed his conviction and sentence. *United States v. Royal*, 322 Fed. App'x. 226 (3d Cir. April 20, 2009) (unpublished, non-precedential opinion).

The Court of Appeals specifically considered and affirmed on appeal the district court's factual findings with regard to the disqualifying offense. It decided that the testimony provided by Craig Moritz and State Trooper Brian Finn during sentencing established by a preponderance of the evidence that Royal had committed a disqualifying offense while in escape status. The Sentencing Guidelines require proof only that Royal committed the offense, not that he was indicted or convicted. *See* U.S.S.G. § 2P1.1(b)(3). The Court of Appeals was aware that the Commonwealth had nolle prossed the charges against Royal before reaching its decision; a grant of nolle prosequi does not always mean the accused is innocent. *Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002); *Hilfirty v. Shipman*, 91 F.3d 573, 579-80 (3d Cir. 1996).[2] "A court . . . cannot assume that a prosecutor

---

his federal constitutional and statutory claims. *See United States v. Palumbo*, 608 F.2d 529, 533 (3d Cir. 1979); *United States v. Smith*, 235 F. Supp. 2d 418, 428 (E.D. Pa. 2002).

[2] A prosecutor may nolle pros charges due to lack of adequate resources, a higher priority for other cases in an overburdened criminal justice system, witness availability problems, or a heavy trial schedule of the particular prosecutor. *See Gleeson v. Robson*, Nos. 02-1747 & 03-0552, 2005 U.S. Dist. LEXIS 43310,* 76-77 (M.D. Pa. May 6, 2005) (citing *O'Quinn v. District of Columbia*, Nos. 87-0074 & 87-0095, 1988 WL 23244, at *2 (D.D.C.

nolle prossed criminal charges for reasons that tend to show innocence." *Johnson v. City of Philadelphia*, No. 96-6008, 1997 U.S. Dist. LEXIS 3864, 1997 WL 152790, at *4 (E.D. Pa. Mar. 28, 1997). The Court of Appeals has already considered Royal's argument regarding the reduction in sentence and rejected it; he may not revisit the issue in the instant petition.

## IV. CONCLUSION

Under *DeRewal*, Royal is procedurally barred from relitigating the reduction issue in his Section 2255 motion. Royal's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is denied. Additionally, because Royal has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c); *see United States v. Cepero*, 224 F.3d 256, 267-68 (3d Cir. 2000). The court will issue an appropriate Order.

---

1988)); *accord Donahue*, 280 F.3d at 383 (finding no favorable termination because the nolle pros merely reflected an informed and reasoned exercise of prosecutorial discretion on how to best use limited resources).