IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| HOZAY ROYAL, | : | |
|---|---|---|
| Petitioner, | : | |
| | : | CIVIL NO. 09-3098 |
| v. | : | |
| | : | (Criminal No. 08-0001) |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |
| | : | |

**Norma L. Shapiro, S.J.**                                                                                      January 5, 2010

## MEMORANDUM

This matter comes before the court on a motion by petitioner *pro se* Hozay Royal to Alter or Amend Judgment under Rule 59(e). The judgment Royal seeks to alter is this court's October 29, 2009, Memorandum Opinion and Order denying his motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. The court, having considered the parties' submissions[1] and having decided this matter without oral argument under Rule 78, will deny Royal's motion.

### I.      BACKGROUND

Royal plead guilty to escape in violation of 18 U.S.C. § 751(a). During sentencing, the court found by a preponderance of the evidence that Royal had committed a state offense

---

[1] In its response, the Government characterizes Royal's motion as one under Rule 60(b). Royal captioned his motion "Motion to Alter or Amend Judgment" and repeatedly cites to Rule 59(e). Nevertheless, the function of the motion, and not the caption, dictates which Rule is applicable. *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). Although motions for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) serve similar functions, each has a particular purpose. *Id.* Rule 60(b) provides six bases for reconsideration, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In contrast, Rule 59(e) permits the filing of a motion to alter or amend a judgment "to correct manifest errors of law or fact or to present newly discovered evidence" *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Because Royal challenges the court's application of a procedural bar to his Section 2255 petition, the motion seeks relief under Rule 59(e).

punishable by a term of imprisonment of at least one year while in escape status, and therefore denied Royal a four level reduction in sentence. Royal appealed on grounds that, *inter alia*, the Commonwealth dismissed all of the charges disqualifying him from the sentence reduction. The Court of Appeals affirmed the sentence, including the district court's determination that Royal had committed the state offenses by a preponderance of the evidence. On a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, Royal challenged the denial of a sentence reduction because the Commonwealth dismissed the disqualifying charges. This court denied the petition because Royal presented the argument on direct appeal. Royal asks this court to reconsider its Memorandum Opinion and Order denying relief under Section 2255.

Royal contends that the court erred in concluding that his claim for a four level sentence reduction was procedurally barred. Royal asserts that he raised the Commonwealth's nolle prosequi of the charges disqualifying him from the four level reduction in his November 17, 2008 Motion for Summary Remand before the Court of Appeals, but the Court of Appeals did not address the claim on the merits. Royal contends that the dismissal of the charges was never considered by the Court of Appeals on the direct appeal. He also contends that because the Commonwealth did not state a reason for the nolle pros on the record, this court should consider him actually innocent of the charges.

## II. DISCUSSION

### A. Timeliness

Rule 59(e) requires a motion for reconsideration to "be served not later than 10 days after entry of the judgment."[2] Fed. R. Civ. P. 59(e). Rule 6(a) provides that in computing

---

[2] Royal's motion for reconsideration was filed prior to the effective date of the 2009 amendments to the Federal Rules of Civil Procedure.

any time period under the Rules of Civil Procedure, the day of the event from which the designated period of time begins to run shall not be included, nor shall intermediate Saturdays, Sundays, or legal holidays, if the period is less than eleven days. Rule 6(b) provides that the time limit of Rule 59(e) may not be judicially extended; our Court of Appeals has held that the ten-day period "is jurisdictional, and cannot be extended in the discretion of the district court." *Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 870 (3d Cir. 1994); *see also United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003).

This court's Order denying Royal's requested habeas corpus relief was entered on November 2, 2009.[3] The court did not receive notice of Royal's motion for reconsideration until November 30, 2009. Royal's Motion to Alter or Amend Judgment is untimely.[4]

### B. Merits of the Motion

Even if Royal's motion is considered on the merits, relief is not warranted. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Motions for reconsideration should be granted sparingly and may not be used to rehash arguments already briefed by the parties and decided by the court. *Haymond v.*

---

[3] A judgment is deemed entered "when it is entered in the civil docket" maintained by the clerk's office. Fed. R. Civ. P. 58(b). The Civil Rules state that the entry of a judgment or order in the civil docket "shall show the date the entry is made." Fed. R. Civ. P. 79(a). Rules 58 and 79 are clear that "entry" is the formal act of adding the judgment or order to the clerk's docket, and that the date of entry must be memorialized by a separate notation. *Fiorelli*, 337 F.3d at 287.

[4] The court observes that a motion for reconsideration may be filed under Fed. R. Civ. P. 60(b) within one year from entry of judgment; Royal's motion is timely if considered under that rule. However, a motion under Fed. R. Civ. P. 60(b) to reconsider denial of a Section 2255 petition is treated as an unauthorized successive Section 2255 petition over which this court lacks jurisdiction. *United States v. Edwards*, 309 F.3d 110, 113 (3d Cir. 2002); *see* 28 U.S.C. § 2255(h) (requiring Court of Appeals certification as provided in 28 U.S.C. § 2244).

*Lundy*, 205 F. Supp. 2d 390, 395 (E.D. Pa. 2002). A court may only grant reconsideration if there is: (1) a change in the controlling law; (2) newly available evidence; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. *Id.*

In its October 29, 2009 Memorandum Opinion, the court held Royal's sentence reduction claim was procedurally barred because he raised the issue on direct appeal. *See Royal v. United States*, No. 09-3098, 2009 U.S. Dist. LEXIS 101748, at *8-9 (E.D. Pa. Oct. 29, 2009). Royal contends the Court of Appeals did not consider his argument on the merits because it did not rule on his Motion for Summary Remand. Motion at 3. The record before the Court of Appeals does not support this contention. In his *pro se* First Step Brief, Royal expressly addressed the Commonwealth's nolle pros of the charges against him. *See United States v. Royal*, No. 08-2217, Royal's First Step Brief, at 7 (3d Cir.). The Court of Appeals rendered its judgment on the record before the district court and after examination of the briefs and records on appeal. *See* Third Circuit Local App. R. 34.1(a).

To have an order vacated or modified upon a motion for reconsideration, Royal must come forward with something new or overlooked by the court in its earlier decision. "A motion for reconsideration is not properly grounded on a request that a court should rethink a decision it has already made." *Armstrong v. Reisman*, No. 99-4188, 2000 U.S. Dist. LEXIS 3119, 2000 WL 288243, *2 (E.D.Pa. March 7, 2000) (Brody, J.). Royal's motion consists entirely of arguments already rejected. Because Royal's motion for reconsideration fails to present new law or new evidence in support of his claim, and because the court's previous ruling was neither clearly erroneous, nor manifestly unjust, reconsideration of the Memorandum Opinion and Order denying Royal's Section 2255 petition is denied.

### III. CONCLUSION

The court will deny Royal's Motion to Alter or Amend Judgment. An appropriate Order will be entered.

4